**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EVER MORALES-GOMEZ,

           Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney
General,

           Respondent.

No. 17-70480

Agency No. A206-898-331

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2018
San Francisco, California

Before:  D.W. NELSON, KLEINFELD, and W. FLETCHER, Circuit Judges.

Ever Morales-Gomez ("Petitioner"), a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of

asylum and withholding of removal.  Petitioner sought relief based on his

membership in a particular social group ("PSG") defined as "young Salvadoran

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

males who are perceived to be a member of a particular gang because of where they live and/or go to school." We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Whether a group constitutes a 'particular social group' is a question of law" that we review de novo. *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014). However, we review for substantial evidence the necessary factual determinations underlying this legal question, such as whether a PSG is immutable, particular, and socially distinct. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014).

Petitioner did not adduce substantial evidence to establish that his proposed PSG is immutable. Petitioner argued that his past identification as a rival gang member because of where he lived and went to school was an immutable characteristic. However, Petitioner failed to show that he was prevented from transferring schools in El Salvador, or that the school he attended was fundamental to his identity or conscience. *See In Re C-A-*, 23 I. & N. Dec. 951 (BIA 2006). Petitioner's ability to transfer schools to avoid gang harassment is evinced by his testimony that his younger brother changed schools in order to avoid frequenting rival gang "turf," and that he experienced no threats thereafter. Additionally, any notion that attendance at that specific school was fundamental to Petitioner's identity is undermined by the fact that Petitioner stopped attending his school, and

2

subsequently encountered no gang threats, before leaving his school indefinitely for the United States.

Petitioner also did not adduce substantial evidence to demonstrate that his PSG is particular. Petitioner's PSG lacks discreteness for its shared characteristic of being "perceived [as a gang member]" and the shared geographical characteristic of "where they go to school" as implicated by gang territories. It is unclear how the court is to determine that an individual has been "perceived" to be a gang member, *Donchev v. Mukasey*, 553 F.3d 1206, 1217 (9th Cir. 2009), and the record indicates that the boundaries of gang territories are not easily identified. *Id.*

Nor did Petitioner show that his PSG is socially distinct. This court has held that young men who resist gang recruitment do not constitute a particular social group because gang recruitment and subsequent violence are often so wide-spread that it lacks sufficient particularity and social distinction. *See Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009). Petitioner provided reports and articles that point to wide-spread gang violence in El Salvador, harming individuals irrespective of their membership in the proposed PSG.

**PETITION DENIED.**